UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEYWON BECKHAM,

        Petitioner,        Case Number 16-12876
                                    Honorable David M. Lawson

v.

PAUL KLEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING REQUEST TO STAY AND HOLD IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Teywon Beckham, a prisoner presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner later filed a motion in which he asks the Court to stay all proceedings in the case and hold the petition in abeyance while he exhausts state court remedies on several claims that were not raised in the present petition. However, the Court finds that the petitioner has sufficient time to exhaust his state court remedies before the statute of limitations expires on his right to file a petition under section 2254, and therefore there is no need to stay this case. The Court will deny the petitioner's request to hold his petition in abeyance.

The petitioner must now choose whether he will proceed with the present petition as filed, or dismiss the petition without prejudice and return to seek his remedies on his unexhausted claims in state court. If he proceeds with the present petition, he may be prevented from raising additional issues in a later, second petition. If he dismisses his present petition without prejudice, he may return to state court to file a post-conviction motion, and then file a new petition later, raising all of his issues if he loses in state court. The one-year statute of limitations is suspended while a

properly-filed motion for post-conviction relief is pending in state court, 28 U.S.C. § 2244(d)(2), and it starts running again when there is a final decision on his state court post-conviction motion. The petitioner must choose which way he will proceed by **November 18, 2016**.

I.

The petitioner was convicted after a jury trial in the Van Buren County, Michigan circuit court on charges of home invasion, assault with intent to do great bodily harm, possessing a firearm after having been convicted of a felony, and possessing a firearm during the commission of a felony. On November 25, 2013, the state court sentenced the petitioner to concurrent sentences of 15 to 40 years for home invasion, eight to 20 years for assault, three to 10 years for being a felon in possession of a firearm, and a consecutive sentence of two years on the felony-firearm count..

The petitioner filed an appeal in the Michigan Court of Appeals, raising a claim that his trial counsel was ineffective because he failed to call at trial a crucial witness for the defense whose testimony would have exculpated the petitioner and implicated the petitioner's co-defendant. The Michigan Court of Appeals affirmed the petitioner's conviction on May 21, 2015. The petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on December 22, 2015.

On August 4, 2016, the petitioner filed the present habeas corpus petition, raising the same claim that he raised in the Michigan Court of Appeals. However, he asks in his petition that the Court hold the habeas proceeding in abeyance to allow him to raise a new claim in state court that was not raised in his direct appeal. He asserts that he recently discovered that his trial attorney failed to investigate the facts of the case and failed to call another witness that would have given

testimony favorable to the defense. He wants to raise claims in a post-judgment motion in state court that his trial and appellate attorneys were ineffective and that he is actually innocent.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

A prisoner must exhaust his state court remedies on *all* his claims. A a "mixed" petition — that is, one containing both exhausted and unexhausted claims — is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

A prisoner must exhaust his state court remedies on his claims as long as there still is a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, Beckham may file a motion for relief from judgment in the Saginaw County Circuit Court under Michigan Court Rule 6.502; there is still time to do so before the habeas statute of limitations runs out. If that motion is denied, he may seek review by the Michigan Court of Appeals and the Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A habeas corpus petition must be filed within one year of the date a prisoner's conviction becomes final. 28 U.S.C. § 2244(d)(1). The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

But Beckham has not shown that he lacks enough time to file and obtain rulings on his anticipated post-conviction motion. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a later, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). In this case, however, the limitations period should not pose a

problem if the petitioner diligently pursues his state court remedies. The Michigan Supreme Court denied the petitioner's application for leave to appeal on December 22, 2015. The petitioner's convictions then became final ninety days later, on March 21, 2016, when the time during which he could have filed a petition for a writ of *certiorari* in the United States Supreme Court expired. The one-year limitations period commenced the following day, March 22, 2016. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the pending petition on August 4, 2016, more than seven months before the expiration of the limitations period on March 22, 2017, and his motion to stay the proceedings was filed on October 18, 2016, still more than five months before the limitations period would expire. If the petitioner promptly files an appropriate post-conviction motion in the state court, then the remaining portion of the limitations period should allow him ample time to re-file his petition including the exhausted and unexhausted claims, after the conclusion of any proceedings on his motion in the state trial and appellate courts, because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "a post-conviction or collateral proceeding toll[s] the [AEDPA] statute of limitations, but does not restart it." *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014) (citing 28 U.S.C. § 2244(d)(2)).

III.

If the petitioner chooses to dismiss his present petition without prejudice, he should observe the following cautions: (1) The one-year statute of limitations will not be tolled unless his motion for relief from judgment is "properly filed" and addresses "the pertinent judgment or claim[s]." 28 U.S.C. § 2244(d)(2); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). (2) An application for post-conviction relief is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it is submitted in accordance with the state's procedural requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). (3) These procedural requirements usually specify the form of the document, the time limits for delivery, the location for filing a post-conviction motion, and the filing fee. *Ibid*. Because the petitioner has time to return to state court without jeopardizing his habeas filing deadline in federal court, the Court will deny his stay request.

Accordingly, it is **ORDERED** that the petitioner's motion to stay the proceedings and hold the petition in abeyance [dkt. #5] is **DENIED**. The Court advises the petitioner that if he does not desire to have the Court adjudicate his original petition as filed, then he may seek a dismissal without prejudice of the original petition.

It is further **ORDERED** that if the petitioner desires to voluntarily dismiss his petition, then he must do so **on or before November 18, 2016**. If the petitioner does not voluntarily dismiss the petition on or before that date, then the Court will proceed to adjudicate the petition as filed.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   October 21, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 21, 2016.

                                s/Susan Pinkowski
                                SUSAN PINKOWSKI